UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEXTER PALMES JONES, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 3:06CV00002 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Brown |
| ) | |
| SWANSON SERVICES CORPORATION, ) ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Combined Motion and Memorandum to Dismiss Complaint[1] ("Motion") (Doc. No. 29-1), to which Plaintiff has filed a Response (Doc. No. 33-1) in opposition. For the reasons stated herein, the Court hereby **DENIES** Defendant's Motion.

I.  BACKGROUND

On January 3, 2006, Plaintiff Tracy Hensley ("Hensley") filed the original complaint ("original complaint") on behalf of herself and all past, present, and future similarly situated

---

[1] Defendant's filing was captioned "Defendant's Combined **Motion** and Memorandum to **Dismiss Complaint**" (Doc. No.29-1) (emphasis added). However, in Defendant's Combined Motion and Memorandum to Dismiss Complaint ("Motion"), "Swanson moves the Court to **dismiss this** case in its entirety." (Id.) (emphasis added). Further, at the conclusion of Defendant's Motion, "Swanson respectfully requests that the Court **dismiss the First Amended Complaint**-Class Action in its entirety . . . ." (emphasis added). Accordingly, the Court interprets Defendant's request to be a motion to dismiss the amended complaint (Doc. No. 10).

-1-

persons against Defendants Sumner County, Tennessee ("Sumner County"), J.D. Vandercook ("Vandercook"), the Sumner County sheriff; and Sonya Troutt ("Troutt"), the Sumner County jail administrator (together as "original Defendants"). (Doc. No. 1 at 2). Hensley's original complaint asserted that: (1) Sumner County confiscated property from arrestees and set bail without individualized analysis in violation of 42 U.S.C. § 1983 (Id. at 6-8); (2) Sumner County, Vandercook, and Troutt systematically extorted money from Sumner County jail inmates in violation of RICO, 18 U.S.C. § 1961, by charging a booking fee and by overcharging through its commissary for basic items of clothing and hygiene (Id. at 8-11); and (3) Sumner County jail violated this Court's 1983 consent decree (Id. at 11-12).

On February 15, 2006, Magistrate Judge Joe Brown issued the Initial Case Management Order, which permitted Hensley to file an amended complaint ("amended complaint") by March 24, 2006. (Doc. No. 10 at 4). At that time, the original Defendants had not answered the original complaint. Hensley filed two timely Motions for Extension of Time to Amend and Magistrate Judge Brown granted both Motions. (Doc. Nos. 12-15). However, on April 18, 2006, Defendant Dexter Palmes Jones ("Jones" or "Plaintiff") filed the First Amended Complaint ("amended complaint") before the original Defendants filed any responsive pleadings. (Doc. No. 16).

The amended complaint added Jones as Plaintiff and Swanson Services Corporation ("Swanson" or "Defendant") as defendant. (Id. at 2-4). Jones intermittently was a pretrial detainee or prisoner in the Wilson County, Macon County, and Trousdale jails between February 2000 and April 2004. (Id. at 2) Swanson is a for-profit, Florida corporation, authorized to do business in Tennessee. (Id.) Swanson provides commissary services to inmates at Sumner

County, Wilson County, Macon County, and Trousdale County jails. (Id.) The amended complaint asserts that Swanson, acting in concert with local and state government officials, charged excessive prices at the jail commissary in violation of 42 U.S.C. § 1983, 18 U.S.C. § 1961, and 15 U.S.C. § 13. (Id. at 11-14) The amended complaint dropped the allegations regarding the charging of excessive booking fees.

On May 5, 2006, the Court issued an Agreed Order of Dismissal Without Prejudice, which dismissed the original Defendants Sumner County, Vandercook and Troutt. (Doc. No. 21). The Agreed Order also changed the caption of the case to "Dexter Palmes Jones v. Swanson Services Corporation," the caption style of the instant case. (Doc. No. 21 at 1).

On March 24, 2006, Jones executed service of process on Swanson. (Doc. No. 18). On June 19, 2006, Swanson filed the pending Motion to Dismiss pursuant to "Rule 15 of the Federal Rules of Civil Procedure and other applicable law." (Doc. No. 29 at 1). Swanson has not filed an Answer to Plaintiff Jones' Amended Complaint.

## II.   ANALYSIS

Defendant asserts that the Court should dismiss the amended complaint "on the basis that the filing of an amended complaint in which both the plaintiff and the defendant are entirely new parties is not the proper method of initiating a lawsuit." (Doc. No. 33 at 1). Defendant relies on Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") and <u>Zangara v. Travelers Indemnity Co. of America</u> to argue the impropriety of what Plaintiff allegedly did by the filing of the amended complaint: completely changed the parties and claims and, thereby, instituted an entirely new lawsuit. <u>Zangara v. Travelers Indemnity Co. of America</u>, No. 1:05CV731, 2006

WL 825231, at *1 (N.D. Ohio Mar. 30, 2006).

Pursuant to Rule 15(a) of the FRCP, parties may amend their pleadings once as a matter of course at any time before a responsive pleading is served.[2] Here, Jones amended the original complaint once as a matter of right before the original Defendants filed a responsive pleading. No leave of court was sought since the original Defendants had not filed any responsive pleadings. Although the amended complaint substituted the original named Plaintiff, Hensley, for the current Plaintiff, Jones, the Court does not find this to be an impermissible action. The original complaint asserted claims based on the charging of excessive prices in the Sumner County jail commissary, the unauthorized confiscation of property, and the violation of a consent decree. The amended complaint merely narrows the original complaint by focusing solely on the charging of excessive prices at the jail commissary, as well as substitutes Swanson, a provider of services for jails through Tennessee, as Defendant.

Moreover, the original complaint listed Hensley and the class of those similarly situated as plaintiffs. Jones, as a prior inmate of jails where Swanson provided services for the jail commissary, is included in the class of plaintiffs encompassed in the original complaint. Therefore, the Court does not find a flaw in Jones' amendments, substituting parties and claims in his original complaint.

---

[2] Rule 15(a) states, in pertinent part, that:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. Rule 15(a).

Additionally, the Court does not agree with Defendant's argument that Rule 15 and Zangara are sufficient grounds for dismissing Plaintiff's amended complaint. (Doc. No. 29 at 3-4); Zangara, No. 1:05CV731, 2006 WL 825231, at *1. First, Rule 15 of the FRCP addresses whether the Court should allow a motion to amend a pleading and does not provide a legal basis for dismissing a complaint. Second, in Zangara, the Court dismissed the complaint before deciding whether or not to approve the plaintiff's motion to amend. Zangara, 2006 WL 825231, at *4. There, the plaintiff sought to amend the complaint by adding a new defendant and substituting three new named plaintiffs for the original plaintiff. Id. The Court determined that the original plaintiff moved to substitute parties because the original plaintiff did not have a claim against the proper defendant. Id. at *1-2. Based on this finding, the Court held that the original plaintiff lacked standing and, therefore so would the substitute plaintiff; accordingly, the Court dismissed the complaint for lack of subject matter jurisdiction. Id. at *3-4.

In the instant case, in contrast to the facts in Zangara, Plaintiff has not asserted, nor does the Court find, any reason to determine that the original plaintiff, Hensley, would not have a cause of action against the Defendant, Swanson. The Court here does have subject matter jurisdiction over the Defendant. Moreover, the Court has already approved Hensley's motion to amend the original complaint, which substituted the original parties and claims. Thus, the Court finds that Jones' amendments are proper and there is no basis for dismissing the amended complaint.

### III. CONCLUSION

Based upon the above stated reasons, the Court hereby **DENIES** Defendant's Motion to

Dismiss.

It is SO ORDERED.

Entered this the 21st day of November, 2006.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT