IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEXTER PALMES JONES, individually )
and on behalf of all others similarly )
situated, )      NO. 3:06-00002
 )      JUDGE HAYNES
  Plaintiff, )
 )
v. )
 )
SWANSON SERVICES CORPORATION, )
 )
  Defendant. )

## MEMORANDUM

Plaintiff, Dexter Palmes Jones, filed this action individually and on behalf of a class of former and current prisoners who purchased goods of the Defendant Swanson's Services Corporation[1] that are sold at commissaries at various county jails. Plaintiff, a former detainee at the Macon and Trousdale County jails as well as at a state prison, alleges that the prices for the Defendant's products sold at jail commissaries in Tennessee and elsewhere violate the Plaintiff's and the class's rights under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the Robinson-Patman Act, 15 U.S.C. § 13.

Before the Court is the Defendant's motion for judgment on the pleading and to dismiss under Fed. R. Civ. P12(c) and 12(b)(6), (Docket Entry No. 91) contending, in sum: (1) that the Plaintiff does not possess a constitutional right to purchase items from prison commissaries nor does Plaintiff's complaint state actionable Section 1983 claims; (2) that the Plaintiff's equal

---

[1]The original Defendants were Sumner County, J.D. Vandercook and Sonya Trout (Docket Entry No. 1), but in his amended complaint, Swanson was the sole Defendant (Docket Entry No.16).

protection claim fails for lack of a suspect class; (3) that the Plaintiff's Section 1983 claims are time-barred; (4) that the Plaintiff's RICO claims failed to plead predicate acts to state a RICO claim; (5); that the Plaintiff's Robinson-Patman Act claims fail to identify a relevant market and do not allege an antitrust injury; (6) that the Robinson-Patman Act claims are barred by the Parker state action immunity doctrine; and (7) that 42 U.S.C. § 1997e(a) requires the class members to exhaust their administrative remedies and Plaintiff has failed to allege that any class member has exhausted his administrative remedies.

In response, Plaintiff asserts, in essence: (1) that the Defendant's prices impact the Plaintiff's medical care; (2) that the Defendant waived any statute of limitations defense; (3) that the Defendant's RICO argument rehashes the Defendant's earlier request for a RICO statement; and (4) that as a former prisoner, exhaustion of administrative remedies are not required for the Plaintiff individually and as a class representative.

A motion for judgment on the pleadings is governed by the same standard as motion to dismiss for failure to state a claim.[2] In considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court "construe[s] the complaint in the light most favorable to the non-moving party, accept[s] the well-pled factual allegations as true, and determine[s] whether the moving party is entitled to judgment as a matter of law." Barany-Synder v. Weiner, 539 F.3d 327, 331 (6th Cir. 2008) (citation omitted). The Court is not required to accept legal conclusions or unwarranted factual inferences. Id. The motion may only be granted if "plaintiff

---

[2]Pursuant to Federal Rules of Civil Procedure Rule 12(h)(2), "the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c)." "Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987).

2

undoubtedly can prove no set of facts in support of the claims that would entitle relief." E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2000) (citations omitted). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleading of the opposing party must be taken as true, and the motion may be grated only if the moving party is nevertheless clearly entitled to judgment . . . . But [the court] 'need not accept as true legal conclusions or unwarranted factual inferences,'" JP Morgan Chance Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (citations omitted).

As a threshold issue, 42 U.S.C. § 1997e(a) allows an action by a prisoner or pretrial detainee under federal law only after available administrative remedies have been exhausted. The failure to exhaust administrative remedies is ground for dismissal. Porter v. Nussel, 534 U.S. 516, 532 (2002). "[T]he objectives of the exhaustion requirement under the Prison Litigation Reform Act are to enable prison officials to resolve disputes internally and to limit judicial intervention in management of prisons." Jones v. Berge, 172 F.Supp.2d 1182, 1133 (W.D. Wis. 2001).

To be sure, Plaintiff, as a former prisoner, is not bound by the exhaustion requirements of the PLRA, Cox v. Mayer, 332 F.3d 422, 424-25 (6th Cir. 2003), but as least one member of the class must demonstrate that the requirement has been met. Jones, 172 F.Supp.2d at 1133 ("the exhaustion requirement would be satisfied by a showing that one or more class members had exhausted his administrative remedies with respect to each claim raised by the class"). For this reason, the Sixth Circuit has held that non-prisoners actions should not be joined with current prisoners. Ziegler v. McGinnis, 2002 WL 169614 (6th Cir. Jan. 31, 2002) (dismissing all but one prisoner's civil rights action for failure of the other prisoners to exhaust their individual

administrative remedies); Sanchez v. Becher, 2003 WL 1563941 at *4 (S.D. Ind. Jan. 31, 2003) (rejecting vicarious exhaustion under Section 1997e(a)). Allowing prisoners, even as a class, to proceed without a least one member of the class having exhausted his or her administrative remedies would frustrate these objectives. Id.

Contrary to Plaintiff's assertion, "[t]here is no futility exception to the exhaustion requirement." Boothe v. Churner, 532 U.S. 731, 731, n.6 (2001). Moreover, "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise or full, relief sought." Walker v. Maschner, 270 F.3d 573, 577 (8th Cir. 2001). Here, Plaintiff has failed to allege that any member of the class has exhausted available administrative remedies and has not shown any grievance on the subjects of this complaint. Given the length of the pendency of this action, the Court will consider only the merits of Plaintiff's claims.

As to Plaintiff's Section 1983 claims, prisoners, "inmates do not have a constitutionally protected right to purchase commissary items at low prices". Trujillo v. S.K. Young, 2003 WL 23312781, at *3 (W.D. Va. June 5, 2003) (citing inter alia French v. Butterworth, 614 F.2d 23, 24 (1st Cir. 1980) and Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1980).

As to Plaintiff's First Amendment right of access to the court, such a claim requires an actual injury reflecting that the cited practice "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff does not allege indigency nor any adverse impact on his assertion of any legal right. Plaintiff filed this action. The Court concludes that Plaintiff has failed to plead the injury required for this claim.

As to his Eighth Amendment claims of excessive prices for non-basic hygiene and

4

clothing products, these allegations fail to state a claim. See e.g., French, 614 F.2d at 24, n.1; Rodriguez v. Swanson Services Corp., 2001 WL 506871 at *1 (D. Me. May 11, 2001); Floyd v. Emmet County Correctional Facility, 2006 WL 1429536, at *4 (W.D. Mich. May 23, 2006). Prison officials bear the obligations to provide basic hygienic items for prisoners, Grubbs v. Bradley, 552 F. Supp.2d 1052, 1122 (M.D. Tenn. 1982). There are not any specific allegations that Plaintiff lacked sufficient funds to purchase necessary to meet his basic needs while in custody. Plaintiff alleges that he was a "regular purchaser" at the jail commissary. (Docket Entry No. 16, Amended Complaint at ¶ 8).

Plaintiff's Fifth and Fourteenth Amendment due process claims must also fail. Where a plaintiff has a claim against government officials under state law for a loss of personal property, his loss does not state a claim cognizable under the Due Process Clause, Parratt v. Taylor, 451 U.S. 527, 543-44 (1981),[3] even if it were an intentional act to deprive the plaintiff of his property. Hudson v. Palmer, 468 U.S. 517 (1984). This extends to claims of excessive prices for prison commissary goods. There are the exceptions from the Parratt and Hudson rules, but in the Sixth Circuit the plaintiff must meet certain threshold requirements.

> Under our recent decision in Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983) a plaintiff must plead and prove that available state remedies are inadequate or systemically defective in order to state or prove a proper procedural due process claim under section 1983 for deprivation of property. Plaintiff must prove the due process element of the wrong as well as the property deprivation element, and in this case, he has failed to show that Michigan's administrative and judicial remedies are inadequate or that they do not provide adequate process to remedy the constitutional violation claimed.

Campbell v. Shearer, 732 F.2d 531, 532 (6th Cir. 1984). Tennessee has an adequate remedy for

---

[3]Parratt was overruled on other grounds in Daniels v. Williams, 474 U.S. 327 (1986).

5

prisoners in county jails. Tenn. Code Ann. § 27-20-101 et seq. Any deprivation of property while in the county jails. The claim lacks merit.

Plaintiff's equal protection claim fails to allege any suspect classes. Harris v. McRae, 448 U.S. 297, 323 (1980) (indigents are not a suspect class for an equal protection claim); United States v. King, 62 F.3d 891, 895 (7th Cir. 1998) (prisoners are not a suspect claim for an equal protection claim). Variation in prices from prison to prison or state to state does not state an equal protection claim. See e.g., Byrd v. L.C.S. Corrections Servs., Inc., 2007 WL 2156583, at *10 (W.D. La. April 27, 2007).

For his RICO claim, Plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; and (4) of racketeering activity. Sedima, S.P.R.I. V. Imrex Co., Inc., 473 U.S. 479, 496 (1985). The RICO statute enumerates a limited number of predicate acts which can constitute "racketeering activity" under the statute. See 18 U.S.C. §1961(1). The three pled by Plaintiff are wire fraud, 18 U.S.C. § 1343, mail fraud, 18 U.S.C. § 1341, and extortion, 18 U.S.C. § 1951. For predicate acts, plaintiff must plead more than conclusory allegations. Peterson v. Shansk, 149 F.3d 1140, 1145 (10th Cir. 1998) ("averments are insufficient to state a claim on which relief can be based"). Moreover, for fraud claims, Plaintiff must plead such claims with factual particularity. Fed. R. Civ. P. 9(b).

Plaintiff has failed to plead any specific facts for his fraud claims beyond conclusory allegations of high prices and Wilson County's maintenance of a separate account. See Docket Entry No. 16, Amended Complaint at ¶¶ 19-24. Swanson is not alleged to have solicited money from Plaintiff under threat of physical or economic coercion nor is involved in the County's establishment of any separate. See 18 U.S.C. § 1915(b)(2) (extortion is "obtaining of property

6

from another, with his consent, induced by wrongful use of actual or threatened force, violence, fear, or under color of official right"). Plaintiff does not allege that he was forced to purchase items from the prison commissary.

Prisoner RICO claims on prison conditions have been rejected in this Circuit, Ziegler v. McGinnis, 32 Fed. Appx. 697, 2002 WL 169614 (6th Cir. Jan. 31, 2002) (rejecting prisoner RICO claim challenging prison telephone policy) and Hyland v. Martin, 234 F.3d 1268, 2000 WL 1647952, at *1 (6th Cir. Oct. 25, 2000) (affirming dismissal of prisoner RICO conspiracy claim regarding restrictions imposed on photocopying credit card) as well as by other courts. Jenkins v. C.S.C./C.C.C.F. Correctional Services Corporation, 229 F.3d 1163, 2000 WL 1179772, at *1 (10th Cir. Aug. 21, 2000) (dismissing prisoner RICO claim alleging embezzlement from inmate accounts); Petersen, 149 F.3d at 1145 (affirming dismissal of RICO claims alleging warden accepted bribes from prison food services company ); Taylor v. Ornoski, 2006 WL 1646148 (N.D. Cal. June 14, 2006) (dismissing prisoner RICO claims seeking to challenge regulations restricting vendors who provide telephone service to inmates). The Court concludes that Plaintiff's RICO claims should be dismissed for failure to satisfy the specific pleadings requirements of Rule 9(b) for predicate acts.

As to Plaintiff's Robinson-Patman Act, Plaintiff's core allegation is that Swanson charged different prices at different jail facilities. Any antitrust claim requires an antitrust injury in the relevant market, B & H Medical, L.L.C. v. APB Admin., Inc., 526 F.3d 257, 265 (6th Cir. 2008), which Plaintiff fails to allege. Plaintiff also fails to allege any anticompetitive impact on competitors in the relevant market. In any event, Plaintiff lacks standing under the Robinson-Patman Act because Plaintiff is not in competition with Swanson. Id. at 265.

For these reasons, the Defendant's motion for judgment on the pleadings should be granted and the Plaintiff's motion for class certification is denied a moot.

An appropriate Order is filed herewith.

**ENTERED** this the \_\_\_13th\_\_\_ day of July, 2009.

_____
WILLIAM J. HAYNES, JR.
United States District Judge